UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 1-25-cr-00056-TRM/MJD |
| | ) |
| REAGAN JACK HUGGINS | ) |

# REPORT AND RECOMMENDATION

On October 30, 2025, this Court conducted a plea hearing pursuant to 28 U.S.C. § 636(b) (the "Hearing"). During the Hearing, Defendant moved to withdraw his not guilty plea to Count One of the Indictment and entered a plea of guilty to Count One of the Indictment in exchange for the undertakings made by the Government in the written plea agreement [Doc. 107]. On the basis of the record made at the Hearing, this Court finds: (1) Defendant is fully capable and competent to enter an informed plea; (2) Defendant made the plea knowingly and with full understanding of each of the rights he waived; (3) Defendant made the plea voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; (4) Defendant understands the nature of the charge and penalties provided by law; and (5) the plea has a sufficient basis in fact.

Therefore, this Court **RECOMMENDS** Defendant's motion to withdraw his not guilty plea to Count One of the Indictment be granted, his plea of guilty to Count One of the Indictment be accepted, the District Judge adjudicate Defendant guilty of the charges set forth in Count One of the Indictment, and a decision on whether to accept the plea agreement be deferred until sentencing.

At the Hearing, the Court also addressed Defendant's Motion to Remain on Bond Pending Sentencing [Doc. 117 (the "Motion")] under 18 U.S.C. § 3143, to which the Government

responded in opposition [Doc. 122]. The plea agreement reflects Defendant's guilt regarding Count One of the Indictment—conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)—which carries a mandatory minimum sentence of ten years imprisonment and a maximum of life imprisonment. The offense is undisputedly identified in 18 U.S.C. § 3142(f)(1)(C), and Defendant is therefore subject to mandatory detention under 18 U.S.C. § 3143(a)(2).

There is an exception to this general rule that permits release if two requirements are satisfied: (1) there is a "substantial likelihood that a motion for acquittal or new trial will be granted" or the Government has "recommended that no sentence of imprisonment be imposed" on Defendant; and (2) the Court finds "by clear and convincing evidence that [Defendant] is not likely to flee or pose a danger to any other person in the community." 18 U.S.C. § 3143(a)(2)(B). The Court finds this exception does not apply in this case as, in light of the plea agreement, there is no substantial likelihood that a motion for acquittal or new trial will be granted and the Government has not recommended that no sentence of imprisonment be imposed. Therefore, Defendant is subject to mandatory detention under 18 U.S.C. § 3143(a)(2).

Defendant therefore invokes 18 U.S.C. § 3145(c), addressing appeals from detention orders, which requires Defendant: (1) prove, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released in accordance with 18 U.S.C. § 3143(a)(1); and (2) "clearly show[] that there are exceptional reasons why [Defendant's] detention would not be appropriate." 18 U.S.C. § 3145(c).

As to the initial showing, the Court finds Defendant was released on conditions of supervision on June 10, 2025. Since that time, he has performed admirably in complying with his strict conditions and has experienced no issues. The Government does not dispute this. For these

and other reasons set forth during the Hearing, the Court finds Defendant has demonstrated by clear and convincing evidence that he meets the conditions of release set forth in 18 U.S.C. § 3143(a)(1).

Next, Defendant must "clearly show[] that there are exceptional reasons why [Defendant's] detention would not be appropriate." 18 U.S.C. § 3145(c). Although the statute does not define what constitutes "exceptional reasons" to allow release, courts appear to agree that the circumstances must be "out of the ordinary," "uncommon," or "rare," and that the reasons should set the defendant apart from anyone else convicted of a similar crime or crimes. *See e.g., United States v. Wise*, No. 3:20-CR-46-TAV-JEM-2, 2023 WL 4554091, at *3 (E.D. Tenn. July 14, 2023) (quoting *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993) (Rymer, J., concurring)).

In this case, in his Motion and during the Hearing, Defendant argued that the following factors amount to "exceptional reasons" supporting his release: his compliance with pretrial release, his age (65), his completion of a drug treatment program, his employment, and his familial obligations. The Court would note that, though Defendant's compliance with pretrial release is commendable, it is well-settled that a defendant's "compliance with the conditions of release alone is not sufficient to support an exceptional circumstance for release." *See Wise*, 2023 WL 4554091 at *3.

The remaining factors are also not persuasive. For example, a defendant's age alone does not, by itself, constitute an "exceptional reason" to allow for release under 18 U.S.C. § 3145(c). *See United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008). The fact that a defendant has undergone drug treatment is not, by itself, "exceptional" to allow for release. *See United States v. Nickell*, 512 F. App'x 660, 661–62 (8th Cir. 2013) (per curiam) (remaining drug-free for two years, regular attendance at drug treatment, full cooperation with law enforcement, full-time

3

employment, and care for three young children was not exceptional). Gainful employment is similarly not exceptional under the statute. *See United States v. Larue,* 478 F.3d 924, 925 (8th Cir. 2007) (finding defendant's "compliance with the terms of his pretrial release, his lack of a criminal record, his payment of child support, and his ongoing employment . . . are not clearly out of the ordinary, uncommon, or rare") (citation and internal quotation marks omitted)). Finally, familial circumstances, obligations, or hardships are not exceptional reasons for release under 18 U.S.C. § 3145(c). *See Wise*, 2023 WL 4554091 at *4 (citing *United States v. Burnett*, 76 F. Supp. 2d 846, 849–50 (E.D. Tenn. 1999)).

Accordingly, the factors presented by Defendant in this case do not constitute "exceptional reasons" for his release as required by Congress under 18 U.S.C. § 3145(c), and Defendant has cited no authority to suggest that the Court should find otherwise. The Court therefore respectfully **DENIES** Defendant's Motion [Doc. 117] and revokes his bond. Acceptance of Defendant's plea, adjudication of guilt, acceptance of the Plea Agreement [Doc. 107], and imposition of sentence are specifically reserved for the District Judge.

Based on these findings, the Court therefore respectfully **RECOMMENDS** the following:

1. Defendant's motion to withdraw his not guilty plea to Count One of the Indictment be granted;

2. Defendant's plea of guilty to Count One of the Indictment be accepted;

3. The District Judge adjudicate Defendant guilty of the charge set forth in the Count One of the Indictment;

4. The District Judge defer until sentencing a decision on whether to accept the Plea Agreement; and

5. Defendant remain in custody until sentencing in this matter.

ENTER.

    s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. §636(b).